**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WILFREDO RIVERA and INES DEL C. RIVERA, | § § § | |
| *Plaintiffs,* | § § | |
| V. | § § | CASE NO. 4:13cv195<br>Judge Clark/Judge Mazzant |
| BANK OF AMERICA, N.A. as successor by merger to BAC HOME LOANS SERVICING, L.P., and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. | § § § § § § § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On May 14, 2014, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendants' Motion for Summary Judgment [Doc. #16] be granted [Doc. #25]. On May 29, 2014, Plaintiffs filed objections [Doc. #27]. On June 11, 2014, Defendants filed a response [Doc. #28].

The court notes that the Magistrate Judge prepared a detailed report and recommendation that totaled twenty pages. After consideration of the briefing, the Magistrate Judge recommended the granting of Defendants' motion. Defendants' response to the objections correctly points out that Plaintiffs merely re-urged the same arguments made in their response

1

and sur-reply to the motion for summary judgment.

Plaintiffs first reassert that Defendants are barred from foreclosing by the statute of limitations. Plaintiffs object to the finding by the Magistrate Judge that the payments accepted in 2006 were an effective abandonment of the acceleration. The Magistrate Judge correctly noted that the summary judgment evidence established that the January 2004 acceleration was abandoned in 2006, when Defendants accepted a payment subsequent to the acceleration and opted not to foreclose. The acceptance of this payment had the effect of restoring the contract to its original condition and restoring the Note's original maturity date of November 1, 2031. Plaintiffs' objection is overruled.

Plaintiffs also assert that the Magistrate Judge accepted Defendants' argument that the Notice of Default and intent to accelerate sent in September 2010 reset the statute of limitations. This objection is overruled. The Magistrate Judge made no such findings. The Magistrate Judge indicated that the issue of the September 2010 notice had no bearing on the issue of statute of limitations and that the acceptance of the payment in January 2006 reset the clock.

Plaintiffs also assert that any attempted claim to abandon the acceleration is absurd when taken with the attempt to act on the acceleration in March 2006. The Magistrate Judge found that there was no evidence in the record that Defendants issued a notice of substitute trustee sale in March 2006. Plaintiffs state that the Magistrate Judge ignored evidence submitted by both parties. Plaintiffs point to their summary judgment exhibit 1C; however, this exhibit is a notice of substitute trustee sale dated March 5, 2013, and not one for March 2006. Plaintiffs also point to Defendants' summary judgment exhibit A-4, which is not a notice of substitute trustee sale. There is no evidence in the record to show that Defendants issued a notice for substitute trustee

2

sale in March 2006. Even if there were such evidence, the acceptance of payments would reset the statute of limitations.

Plaintiffs next object to the Magistrate Judge's finding that Defendants did not waive the right to accelerate and foreclose. The Magistrate Judge found that there was no summary judgment evidence that Defendants expressed an actual intent to waive their right to foreclose, thus Plaintiffs' "waiver argument has no merit." Plaintiffs once again merely re-urge the exact arguments set forth in their summary judgment response, without citing to any additional authority for their position. The court agrees with the Magistrate Judge that Plaintiffs have not provided this court with summary judgment evidence that Defendants manifested their intent to waive their right to foreclose.

Plaintiffs next object to the Magistrate Judge's findings that the economic loss doctrine bars Plaintiffs' negligent misrepresentation claim. Plaintiffs assert that they suffered injuries independent from any breach of contract. Plaintiffs argue that they presented evidence of personal injuries which are outside of the subject matter of the contract, including anxiety and stress.

Plaintiffs once again copy the same argument advanced in their summary judgment response, that the economic loss doctrine does not bar Plaintiffs' negligent misrepresentation claim because Plaintiffs suffered injuries independent from any breach of contract. The Magistrate Judge correctly addressed the issue that Plaintiffs cannot demonstrate that Defendants owed them a duty that was independent of the Note and Deed of Trust. The Magistrate Judge also correctly found that Plaintiffs failed to offer sufficient evidence of mental anguish that would qualify as damages that were independent of any breach of contact claim. Plaintiffs'

sale in March 2006. Even if there were such evidence, the acceptance of payments would reset the statute of limitations.

Plaintiffs next object to the Magistrate Judge's finding that Defendants did not waive the right to accelerate and foreclose. The Magistrate Judge found that there was no summary judgment evidence that Defendants expressed an actual intent to waive their right to foreclose, thus Plaintiffs' "waiver argument has no merit." Plaintiffs once again merely re-urge the exact arguments set forth in their summary judgment response, without citing to any additional authority for their position. The court agrees with the Magistrate Judge that Plaintiffs have not provided this court with summary judgment evidence that Defendants manifested their intent to waive their right to foreclose.

Plaintiffs next object to the Magistrate Judge's findings that the economic loss doctrine bars Plaintiffs' negligent misrepresentation claim. Plaintiffs assert that they suffered injuries independent from any breach of contract. Plaintiffs argue that they presented evidence of personal injuries which are outside of the subject matter of the contract, including anxiety and stress.

Plaintiffs once again copy the same argument advanced in their summary judgment response, that the economic loss doctrine does not bar Plaintiffs' negligent misrepresentation claim because Plaintiffs suffered injuries independent from any breach of contract. The Magistrate Judge correctly addressed the issue that Plaintiffs cannot demonstrate that Defendants owed them a duty that was independent of the Note and Deed of Trust. The Magistrate Judge also correctly found that Plaintiffs failed to offer sufficient evidence of mental anguish that would qualify as damages that were independent of any breach of contact claim. Plaintiffs'

objections are overruled. Plaintiffs' tort claims are barred by the economic loss doctrine and fail as a matter of law.

Plaintiffs next object that they provided sufficient evidence to show a genuine issue of material fact as to their claims under the Texas Debt Collection Act ("TDCA"). Plaintiffs' objections again contain no new argument related to the Magistrate Judge's recommendation that their TDCA claims should be dismissed. Plaintiffs have provided no evidence that Defendants made any false or misleading assertion, and, in fact, the Magistrate Judge correctly acknowledged that the evidence shows that "Plaintiffs have had over ten years to cure the default on the loan and that Defendants did not make false representations to Plaintiffs." Plaintiffs' objections in no way address the Magistrate Judge's reasoning that "[r]epresentations related to a loan modification do not constitute an attempt to collect a debt." The objections are overruled.

As part of Plaintiffs' TDCA objections, Plaintiffs' continue to try and convince this court that declarations allegedly made by former employees of Bank of America are proper summary judgment evidence that should be deemed admissible in this case. The Magistrate Judge correctly found that declarations from an unrelated lawsuit, bearing no relation to the date this case was filed and having absolutely nothing to do with Plaintiffs' loan, are inadmissible as summary judgment evidence to support contentions Plaintiffs may be asserting in this suit. The Magistrate Judge also correctly recognized, even if this evidence were admissible, the dismissal of all claims would not change, since the summary judgment evidence shows that Plaintiffs' loan was in serious default and Plaintiffs are not entitled to a loan modification.

Plaintiffs' last objection relates to the denial of their requests for declaratory relief and an accounting. The Magistrate Judge correctly recommended dismissal of all of Plaintiffs' causes of

action, which means that there is no basis for declaratory relief or equitable relief.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Plaintiffs [Doc. #27] and response by Defendants, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment [Doc. #16] is **GRANTED** and Plaintiffs' case is **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **2** day of **July, 2014.**

.

_____
Ron Clark, United States District Judge